UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL JOSEPH McGARRY, | ) |
| Plaintiff, | ) 2:07-cv-01332-LRH-GWF |
| vs. | ) |
| DUPREE, *et al.*, | ) **ORDER** |
| Defendants. | ) |

Plaintiff has submitted an application for leave to proceed *in forma pauperis* and a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff brings action against correctional officers at the Clark County Detention Center for alleged unfavorable living conditions during his incarceration.[1]

Based on the information about plaintiff's financial status provided in his application, plaintiff is entitled to proceed *in forma pauperis* in this action. 28 U.S.C. § 1915.

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696,

---

[1] Although he was incarcerated at the time of initiating this action, plaintiff has filed a change of address notice that appears to indicate a private residence as his current address. (Docket #2).

699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In the complaint, dated August 30, 2007, plaintiff brings action against correctional staff members for alleged unfavorable living conditions at the Clark County Detention Center. Plaintiff

names Officer Dupree, Officer Wheeler, and Officer Green as defendants. Plaintiff alleges that in July of 2007, he was housed on a cot in the dayroom area at CCDC, along with several other inmates. Plaintiff alleges that he asked defendant Dupree for a razor to shave, but Dupree told him that inmates were not allowed razors until they were placed in a cell. Plaintiff also alleges Officer Wheeler passed out commissary order forms to inmates in cells, but refused commissary forms for inmates housed on cots in the dayroom. Plaintiff asserts that he was subjected to crowded conditions in the dayroom, and that the bathroom used by the inmates in the dayroom was dirty. (Complaint, at pp. 4-6).

Plaintiff does not specify whether he was convicted during the time period relevant to the complaint, or whether he was a pretrial detainee at the time. However, this distinction does not alter the Court's analysis. A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002); *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998); *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996); *Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.; Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of

confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. at 835.

Plaintiff has failed to allege that he was subjected to a substantial risk of serious harm due to his living conditions. Plaintiff has described details of his living conditions at the Clark County Detention Center, but none of plaintiff's allegations rise to the level of a substantial risk of serious harm. Plaintiff's allegations fail to state a viable claim for violation of his constitutional rights. Because further amendment would be futile, the complaint is dismissed with prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that because plaintiff's complaint fails to state a claim and cannot be cured by amendment, the action is **DISMISSED with prejudice in its entirety**. The Clerk of Court shall enter judgment accordingly.

DATED this 14th day of February, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE